**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **CRITICAL HEALTH CONNECTION**, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **7:09-CV-0002-O** |
| | § | |
| **TEXAS WORKFORCE COMMISSION,** | § | |
| **GERONIMO LAGUNAS, and DOROTHY** | § | |
| **REICHERT,** | § | |
| | § | |
| **Defendants.** | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the Court are: Defendant Texas Workforce Commission's Motion to Dismiss, filed

September 2, 2009 (doc. # 10); Defendants Geronimo Lagunas and Dorothy Reichert's  Motion to

Dismiss Based on Qualified Immunity, filed September 2, 2009 (doc. # 11); and Defendants' Motion

to Stay Discovery Pending Resolution of Sovereign and Qualified Immunities, filed September 2,

2009 (doc. 12). On November 17, 2009, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72, the

Court referred these motions to United States Magistrate Judge Robert K. Roach for hearing, if

necessary, and recommendation to this Court (doc. 22).  On November 24, 2009, the Magistrate

Judge issued his Findings and Recommendation (doc. 23) (hereinafter, "Report"), wherein he

recommended the Court grant Defendants' respective motions to dismiss, and deny as moot the

motion to stay.  On December 4, 2009, Plaintiff filed objections to the Report (doc. 24), and on

December 10, 2009, Defendants filed a response thereto (doc. 25). The matter is ripe for

adjudication.  For the reasons that follow, the Court accepts in part and rejects in part the Magistrate

Judge's findings and recommendations, overrules in part and sustains in part Plaintiff's objections,

grants Defendants' respective motions to dismiss and denies as moot Defendants' motion to stay.

## I.      Relevant Background Facts and Procedural History

Plaintiff Critical Health Connection ("Plaintiff" or "CHC") is a medical staffing company in San Angelo, Texas, which refers to others medical personnel (primarily nurses) on an as-needed basis.  Plaintiff filed this lawsuit on January 5, 2009, alleging that Defendants Texas Workforce Commission ("TWC"), Geronimo Lagunas ("Lagunas"), and Dorothy Reichert ("Reichert") (collectively, "Defendants"), in connection with an administrative decision by the TWC that resulted in federal tax liability for Plaintiff, violated 42 U.S.C. § 1983 and the Due Process Clause of the Fourteenth Amendment.  Specifically, Plaintiff alleges that, in or around 2006, a dispute arose regarding whether the nurses were "employees," for whom Plaintiff would owe TWC unemployment taxes, or "independent contractors," for whom Plaintiff would not owe unemployment taxes. Following an adverse ruling by the TWC, Plaintiff was assessed, and paid, $53,858.14 in past due taxes, penalties and interest. According to Plaintiff, although in prior years the TWC auditor classified the nurses as independent contractors, Lagunas and Reichert, in violation of TWC's own internal policies and guidelines and IRS guidelines, predetermined in advance of the 2006 audit that the nurses were employees, and instructed the 2006 auditor to find as such. Plaintiff alleges that Lagunas's and Reichert's arbitrary and capricious actions resulted in a deprivation of Plaintiff's property interest in violation of the Due Process Clause of the Fourteenth Amendment. (doc. 1, Compl. ¶¶ 16-18).  Following an unsuccessful appeal to the TWC, Plaintiff filed a state court action, as well as this lawsuit seeking interest and attorney's fees in connection with any recovery of wrongfully paid contributions.

On September 2, 2009, TWC filed its Motion to Dismiss (Doc. # 10), and Lagunas and Reichert jointly filed a Motion to Dismiss Based on Qualified Immunity (Doc. # 11) and a Motion

to Stay pending the Court's determination of whether they were entitled to qualified immunity. Pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72, the Court referred these motions to the Magistrate Judge for hearing, if necessary, and recommendation to this Court.

## II.  The Magistrate Judge's November 24, 2009 Report & Plaintiff's Objections

### A.  Findings and Recommendation – TWC's Motion to Dismiss

In support of its motion to dismiss under Fed. R. Civ. P. 12(b)(6), or, alternatively, for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), TWC argues that: (i) Plaintiff failed to specify what procedural vehicle it was using to sue TWC for constitutional violations, which should result in dismissal under Rule 12(b)(6); and (ii) alternatively, even if Plaintiff were permitted to amend its Complaint to specify it was suing TWC pursuant to 42 U.S.C. § 1983, TWC has sovereign immunity, and this Court therefore lacks subject matter jurisdiction under Rule 12(b)(1).  In his Report, the Magistrate Judge, assuming that Plaintiff was suing TWC for constitutional violations pursuant to 42 U.S.C. § 1983, found that TWC is a governmental agency and therefore not a "person" who can be sued pursuant to 42 U.S.C. § 1983.  *See* Report at 2.  Accordingly, the Magistrate Judge recommended that the Court grant TWC's motion to dismiss since "as a matter of law, this Court lacks subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) over any claims against [TWC] due to sovereign immunity.  As to the TWC, [Plaintiff's] complaint must be dismissed." *Id.* (citing *Will v. Michigan*, 491 U.S. 58, 63-71 (1989)). Plaintiff has not objected to this portion of the Report.

Having reviewed the pleadings, legal briefs, applicable law, and the findings of the Magistrate Judge, the Court determines that the findings are correct, and accepts them as those of the Court.  Pursuant to Fed. R. Civ. P.12(b)(1), having determined that TWC has sovereign

immunity from this lawsuit, the Court grants Defendant Texas Workforce Commission's Motion to

Dismiss, filed September 2, 2009 (doc. # 10), and dismisses TWC as a party from this lawsuit.

**B.**      **Findings and Recommendation – Defendants Geronimo Lagunas and Dorothy Reichert's Motion to Dismiss Based on Qualified Immunity, filed September 2, 2009 (doc. # 11)**

   *1.      Deprivation of Property without Due Process*

            *a.      The Magistrate Judge's Report*

The Magistrate Judge first considered Plaintiff's allegation that Lagunas and Reichert, acting

in an arbitrary and capricious manner, deprived Plaintiff of property without due process of law (*see*

doc. 1, Compl. ¶ 16).  Noting that Plaintiff had already filed a state court action contesting TWC's

adverse decision, the Magistrate Judge recommended dismissal of Plaintiff's Section 1983 claims

against Lagunas and Reichert, finding that the State of Texas already provided Plaintiff with an

adequate post-deprivation remedy.  *See* Report at 4 (citing *Parratt v. Taylor*, 451 U.S. 527 (1981)

and *Hudson v. Palmer*, 468 U.S. 517 (1984)).  Citing Chapter 212 of Subtitle A of the Texas Labor

Code, which provides in Section 212.201 for judicial review of a final decision of the TWC, the

Magistrate Judge found: "Nowhere does Plaintiff allege or imply that such post-deprivation remedy

is in any way deficient or insufficient.  There is no allegation that a post-deprivation remission of

the taxes, penalties and interest paid will not fully satisfy plaintiff's property interest.  Thus, Texas

can and is affording the very procedural due process the Constitution demands."  Report at 4.

            *b.      Plaintiff's Objections*

Plaintiff objects to the Magistrate Judge's finding that: "There is no allegation that a post-

deprivation remission of the taxes, penalties and interest paid will not fully satisfy plaintiff's

property interest."  Objection at 3.  Further, Plaintiff objects that the Magistrate Judge relied on an

inapplicable portion of the Texas Unemployment Compensation Act ("TUCA"), namely Section

212.201.  *See id.*  Plaintiff argues that "Section 212.201 applies when a claimant (i.e. a former

employee) seeks unemployment benefits through TUCA."  *Id.*  According to Plaintiff, when TWC

conducts an audit pursuant to Section 213.055 of TUCA, and makes a determination based on that

audit, which is what Plaintiff alleges here, then Subchapter E of Chapter 213 of TUCA controls.

Plaintiff contends: "Specifically, Section 213.073 authorizes CHC to bring suit against TWC for a

refund of contributions erroneously collected.  Tex. Labor Code § 213.073.  Importantly as to the

magistrate judge's recommendation, Section 213.074 of this Subchapter specifically excludes CHC

from recovering interest on the erroneously collected contribution and, furthermore, no attorney's

fees are allowed under this Section."  *Id.* (citing Tex. Lab. Code. § 213.074).

> c.      *Analysis of Report and Objections*

The Court **sustains** Plaintiff's objection to the Magistrate Judge's application of Tex.

Labor Code §212.201 to determine whether Plaintiff has been afforded an adequate postdeprivation

remedy.  The applicable law governing Plaintiff's challenge to TWC's audit is, as Plaintiff correctly

points out, Subchapter E of Chapter 213 of TUCA, entitled "Adjustment or Refund for Employer's

Overpayment."  *See* Tex. Lab. Code § 213.073.  Plaintiff is also correct that Section 213.074

disallows interest on any adjustment or refund of wrongfully paid contributions.  *See* Tex. Lab. Code

§ 213.074.

Pursuant to Fed. R. Civ. P. 72(b)(3) and 28 U.S.C. § 636(b)(1)(C)[1], the Court has made a de novo determination of those portions of the Report to which Plaintiff has objected. Although the Court sustains Plaintiff's objections to the Magistrate Judge's reliance on Section 212.201 of TUCA, having considered Subchapter E of Chapter 213 of TUCA, specifically Sections 213.073 and 213.074, Plaintiff's Complaint, the parties' arguments and applicable law, the Court independently concludes that Plaintiff has failed to state a Section 1983 claim against Defendants Lagunas and Reichert for deprivation of property without due process under the Fourteenth Amendment.

The intentional deprivation of property does not give rise to a civil rights claim unless a plaintiff can show that state remedies were inadequate. *Parratt*, 451 U.S. at 543-44.[2] In its objections, Plaintiff contends that, even under Subchapter E of Chapter 213 of TUCA, its remedy is inadequate because Section 213.074 of TUCA specifically excludes recovery of interest on any erroneously collected contributions, and that attorney's fees are not available. The Court **overrules** this objection, and concludes that Texas law provides an adequate postdeprivation remedy in the case of wrongfully collected contributions, namely, Subchapter E of Chapter 213 of TUCA. *See* Tex. Lab. Code § 213.073 (appeal of commission determination denying application for refund of wrongfully paid contributions). That interest on the amount of allegedly wrongfully collected

---

[1]Pursuant to 28 U.S.C. § 636(b)(1)(C), "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."

[2]In *Parratt v. Taylor*, 451 U.S. 527 (1981), the Supreme Court held that where a state actor, through his random and unauthorized actions, negligently deprives a prisoner of his property, there is no due process violation if the state provides an adequate postdeprivation remedy. In *Hudson v. Palmer*, 468 U.S. 517 (1984), the Supreme Court extended that holding to intentional deprivations of property. In *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986), the Supreme Court then overruled *Parratt* in part, holding that merely negligent deprivations of property do not implicate the Due Process Clause.

contributions is excluded under Section 213.074, and that attorney's fees may not be available absent 42 U.S.C. § 1983, do not render inadequate the postdeprivation remedies afforded Plaintiff under Section 213.073 of the Texas Labor Code. *See Parratt*, 451 U.S. at 543-44 (providing that state-law remedy was adequate although it did not allow recovery for punitive damages or trial by jury, and allowed recovery only against State as opposed to its individual employees); *Rolf v. City of San Antonio*, 77 F.3d 823, 826-27 (5th Cir. 1996) (a state procedure is "adequate even though its law is unsettled whether the claimant would be entitled to compensation."); *Lewisville v. City of DeSoto, Texas*, 2003 WL 292169, *4 (N.D. Tex. Feb. 6, 2003) (Fitzwater, J.) ("A state law remedy is adequate although § 1983 authorizes more remedies for due process violations."); *Holloway v. Walker*, 784 F.2d 1287, 1292 (5th Cir. 1986) (Texas court system provides adequate postdeprivation remedy through right of appeal to restore wrongfully taken property to its owner); *see also Wilson v. Beebe*, 770 F.2d 578 (6th Cir. 1985) (state post-deprivation remedy adequate even where attorney's fees not compensable); *Lake Nacimento Ranch Co. v. San Luis Obispo County*, 841 F.2d 872, 879 (9th Cir. 1987) (citing *Parratt*, 451 U.S. at 453-54) ("The fact that more remedies are available under section 1983 than are available under the state procedure is irrelevant[.]").

In short, following a de novo review, the Court determines that Plaintiff has failed to state a Section 1983 claim against Lagunas and Reichert, sued in their individual capacities, for

deprivation of property without due process.[3]  *See Parratt*, *supra*; *Hudson*, *supra*.  Plaintiff has an

adequate post-deprivation remedy under Section 213.073 of TUCA.  Tex. Lab. Code § 213.073.[4]

2.    *Deprivation of Liberty without Due Process*

In the next section of his Report, the Magistrate Judge, based on a review of Plaintiff's

Response to Defendants' Motion to Dismiss Based on Qualified immunity (doc. 18), analyzes

whether Plaintiff has stated a claim for deprivation of its liberty interest under the Fourteenth

Amendment.  *See* Report at 4-5.  The Magistrate Judge notes, however, that: "In its Complaint, its

current pleading, Plaintiff only alleged a deprivation of 'property.'" *Id.* at 5 n.5.

Even accepting all well-pleaded allegations in the Complaint as true, and liberally construing

all allegations in the light most favorable to Plaintiff, as the Court must in considering a motion to

dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court determines that the Complaint only alleges

---

[3]To the extent Plaintiff is seeking to assert a "substantive" due process right to be free from arbitrary and capricious deprivation of a property interest (as opposed to a procedural due process claim), absent the violation of some fundamental Constitutional right (which Plaintiff has not alleged), Plaintiff fails to state a claim under 42 U.S.C. § 1983.  *See Schaper v. City of Huntsville*, 813 F.2d 709,716-18 (5th Cir. 1987). Schaper claimed that city officials who terminated his employment acted arbitrarily and capriciously. Although holding that Schaper had a substantive due process interest in continued employment, the court concluded that he failed to state a cause of action for a substantive due process violation because his substantive right "comes not from the Constitution, but from state law: no independent substantive interest is at stake[.]" The court further stated that: "[A]llowing Schaper's [substantive due process] claim would effectively eviscerate the holding of *Parratt*.  It would allow a plaintiff to challenge a deprivation of a property interest on the ground that it resulted from arbitrary and capricious state action, while, under *Parratt/Hudson*, he would not be able to state a claim for deprivation of the same right on the ground that it resulted from a random and unauthorized act of a state official.  This remarkable result clearly was not envisioned by the Court in *Parratt* or *Hudson*."  *Id.* at 718.

[4]The Court also notes that Texas courts have concluded that Section 213.074, although providing that an action for refund of contributions and/or penalties shall be without interest, does not interfere with application of the statute requiring that all judgments earn interest, once judgment has been rendered in favor of an employing unit.  *See Texas Employment Comm'n v. Ben Hogan Co.*, 854 S.W.2d 292, 296 (Tex. App. Austin 1993), reh'g overruled.  Thus, in the event of a judgment in its favor for wrongly paid contributions, Plaintiff will be entitled to post-judgment interest.  The Court also notes that TUCA provides Plaintiff with another alternative to Section 213.073.  Plaintiff could have filed a petition for judicial review pursuant to Section 213.032(c) in state court in protest of the receipt of a notice of assessment without paying the tax at issue pending the outcome of litigation.  *See* Tex. Lab. Code § 213.032(c).

that Lagunas and Reichert, sued in their individual capacities, deprived Plaintiff of a *property* interest without due process, and never alleges they deprived him of a *liberty* interest. *See* Compl. ¶¶ 14-21[5]. Plaintiff's failure to allege that Lagunas and Reichert deprived it of a liberty interest obviates the need for the Court to consider the Magistrate Judge's findings and recommendation regarding whether Plaintiff has stated a claim for deprivation of a liberty interest, as well as Plaintiff's objections thereto. Accordingly, the Court **overrules as moot** Plaintiff's objections to the Magistrate Judge's findings and recommendation pertaining to whether Plaintiff has stated a claim against Defendants Lagunas and Reichert for deprivation of a liberty interest.

## III. Conclusion

With regard to Defendant Texas Workforce Commission's Motion to Dismiss (doc. 10), having reviewed the pleadings, legal briefs, file, applicable law, findings of the Magistrate Judge and Plaintiff's objections thereto, the Court determines that the findings are correct. The Magistrate Judge's findings and conclusions relating to Texas Workforce Commission's Motion to Dismiss are therefore **accepted** as those of the Court. Plaintiff did not object to this portion of the Magistrate Judge's findings and recommendation. Accordingly, the Court **GRANTS** Defendant Texas Workforce Commission's Motion to Dismiss, filed September 2, 2009 (doc. 10). Because of its sovereign immunity, Defendant Texas Workforce Commission is hereby dismissed as a party to this lawsuit.

With regard to Defendants Geronimo Lagunas and Dorothy Reichert's Motion to Dismiss Based on Qualified Immunity, filed September 2, 2009 (doc. 11), having reviewed the pleadings, legal briefs, file, applicable law, findings of the Magistrate Judge and Plaintiff's objections thereto,

---

[5]Plaintiff's only reference to a liberty interest pertains to its allegations against TWC, which the Court has dismissed as a party from this lawsuit. *See supra.*

the Court **sustains** Plaintiff's objections to the Magistrate Judge's application of Texas Labor Code Section 212.201 to determine whether Plaintiff has been afforded an adequate postdeprivation remedy; the Court **overrules** Plaintiff's separate objection that, even were the Magistrate Judge to have applied the correct section of TUCA, namely Subchapter E of Chapter 213, its remedy is inadequate because Section 213.074 of TUCA specifically excludes recovery of interest on any erroneously collected contributions, and attorney's fees are not recoverable absent 42 U.S.C. § 1988. Based on its de novo review of the Magistrate Judge's findings and recommendation pursuant to Fed. R. Civ. P. 72(b)(3) and 28 U.S.C. § 636(b)(1)(C), the Court determines that Texas law provides Plaintiff an adequate postdeprivation remedy in the form of an appeal in state court of the TWC's adverse decision. *See* Tex. Lab. Code § 213.073. Accordingly, the Court **GRANTS** Defendants Geronimo Lagunas and Dorothy Reichert's Motion to Dismiss Based on Qualified Immunity, filed September 2, 2009 (doc. 11). In light of this ruling, the Court **DENIES as moot** Defendants' Motion to Stay Discovery Pending Resolution of Sovereign and Qualified Immunities, filed September 2, 2009 (doc. 12).

**SO ORDERED** on this **17th** day of **February, 2010.**

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**